UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
MANHATTAN COURTHOUSE

| | |
|---|---|
| Christina Del Rosario, individually and on behalf of all others similarly situated, | 1:23-cv-01060 |
| Plaintiff, | |
| - against - | Class Action Complaint |
| Sazerac Company, Inc., | Jury Trial Demanded |
| Defendant | |

Plaintiff alleges upon information and belief, except for allegations about Plaintiff, which are based on personal knowledge:

1. Sazerac Company, Inc. ("Defendant") manufactures, packages, labels, markets, and sells fruit and spice flavored liqueur under the Southern Comfort brand ("Product").

 

2. Whether its base alcohol was a neutral spirit or whiskey, purchasers of Southern Comfort knew they were buying a beverage based on distilled spirits.

3. In the last few years, "[Americans] [] have seen some new bottles of alcohol on the

shelves of their favorite gas station [and convenience stores] [which] look exactly like hard liquor."

4.  Even journalists and media members were fooled seeing various brands of hard liquor "sold everywhere," such as gas stations, drug stores and elsewhere, wondering "what did they do to be able to skirt the law?"

5.  A writer for the Albany Times-Union explained that "[T]rying to make sense of the complexities of which stores can sell what becomes an exercise in foundering in the State Liquor Authority website, which [is] recommend only for frustration masochists."

6.  One television station pointed out the trend of "Fake Booze [as] [C]onvenience stores start stocking shelves with faux liquor."

7.  Regular consumers, less inclined than investigative journalists to get to the bottom of this, embraced the availability of their favorite distilled spirits, sharing their since experiences on social media praising the authenticity of the Product.

8.  However, one Virginia media outlet uncovered "How a major distiller [Defendant] slipped liquor look-a-likes into [] convenience stores."[1]

9.  Around the same time, a New York tiktok user, "Kerri Anne Buck," told her followers that "This new thing with the Southern Comfort being sold at the gas stations" was not what she and other consumers expected even though "th[e] little one [has] the exact same label."[2]

---

[1] The only difference between the mini bottles sold in Virginia compared to in New York is that in the former they were classified as wine while here they were called "malt beverages."
[2] https://www.tiktok.com/@kerriannebuck/video/7016868297127857413



10.     What Buck uncovered was that the mini "gas station" version lacks distilled spirits beyond a negligible amount of "Natural Whiskey Flavor" because it is actually a "Malt Beverage."

 

11.     According to a professor of economics, "[D]esigning products to match industry regulations is hardly new," noting "how auto-manufacturers have responded to new fuel-efficiency requirements by designing a car's weight to be just within a less stringent standard."

3

12. In the present instance, the mini bottles of Southern Comfort "circumvent regulations" which prevent distilled spirits from being sold outside of liquor stores in many states.

13. Even though the mini bottles are legally sold, the representations are misleading for numerous reasons.

14. First, while federal and identical state regulations allow the Product's use of the distilled spirit brand name of Southern Comfort, this is not qualified with the word "brand," which could have alerted buyers that what they are buying has little connection to the distilled spirits this beverage has been known for.

15. Second, the packaging contains identical colors, themes, fonts, symbols and spacing, and even the same outer grooves.

16. Third, the Product's statements of composition, "Malt Beverage With Natural Whiskey Flavors, Caramel Color and Oak Extract," difficult to see without a magnifying glass, identified as "Malt Beverage With Natural Whiskey Flavors, Caramel Color and Oak Extract," draws attention to the use of the "Natural Whisky Flavors."





17. Only if a purchaser has the distilled spirit version next to the mini version (and perfect eyesight) – which based on their places of sale, they will not – could they notice it is identified as "Spirit Whiskey With Natural Flavors and Caramel Color."

18. Fourth, while the Product's front label is required to "[I]dentify added flavoring material," the TTB concluded that the use of the distilled spirits term "whisky" in the statement of composition misleads consumers to expect its alcohol content to be mainly from that spirit. 27 CFR 7.147(b)(2)(i).

19. Based on investigation, the amount of whisky in the Product is de minimis, equivalent of a thimble per 2500 gallons.

20. Moreover, it is believed that the whiskey is added to the malt base prior to fermentation, which some have argued avoids having to pay extra taxes due to IRS rules, contrary to TTB regulations.

21. Fifth, upon information and belief, at the instructions of Defendant and/or its agents, sellers describe the Product as "shots," a term used to refer to small servings of distilled spirits.

22. Sixth, listing "Oak Extract" in the statement of composition creates the false impression the malt beverage base was aged in barrels when it was not. 27 CFR 7.143(h)(1).

23. Seventh, because the Product implies it was aged in barrels, the emphasis on "Natural Whiskey Flavor" supports a purchaser's belief that it is a distilled spirit or contains a non-negligible amount of a distilled spirit. 27 CFR 7.143(h)(3).

24. Eighth, the similarity between the two versions creates an overall misleading impression created as to the malt beverage variety.

Jurisdiction and Venue

25. Jurisdiction is based on the Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C.

§ 1332(d)(2).

26. The aggregate amount in controversy exceeds $5 million, including any statutory and punitive damages, exclusive of interest and costs.

27. Plaintiff is a citizen of New York.

28. Defendant is a citizen of New Orleans and Kentucky.

29. The class of persons Plaintiff seek to represent includes persons who are citizens of different states from which Defendant is a citizen.

30. The members of the classes Plaintiff seek to represent are more than 100, because the Product has been sold with the representations described here from thousands of stores including grocery stores, big box stores, gas stations and convenience stores, in the States Plaintiff seeks to represent.

31. Venue is in this District with assignment to the Manhattan Courthouse because a substantial part of the events or omissions giving rise to the claims occurred in Bronx County, including Plaintiff's purchase of the Product, exposure to and reliance on the representations and omissions, and/or subsequent awareness they were false and misleading.

## Parties

32. Plaintiff Christina Del Rosario is a citizen of Bronx, Bronx County, New York.

33. Defendant Sazerac Company, Inc. is a New Orleans corporation with a principal place of business in Kentucky.

34. Plaintiff purchased the Product at gas stations and/or convenience stores in Bronx County in or around 2022, and/or among other times, at or around the identified price.

35. As a result of the false and misleading representations, the Product is sold at a premium price, $0.99 for 50 mL.

36. Plaintiff is like many consumers of alcoholic beverages who prefers distilled spirits or products containing distilled spirits to malt-based beverages.

37. Plaintiff saw the labeling elements of the mini Southern Comfort and did not notice the differences from the standard Southern Comfort product.

38. Plaintiff expected the mini Southern Comfort contained whisky and/or other distilled spirits in a non-de minimis amount.

39. Plaintiff paid more for the Product than she would have had she known the representations and omissions were false and misleading, or would not have purchased it.

40. The value of the Product that Plaintiff purchased was materially less than its value as represented by Defendant.

## Class Allegations

41. Plaintiff seeks certification under Fed. R. Civ. P. 23 of the following classes:

> **New York Class:** All persons in the State of New York who purchased the Product during the statutes of limitations for each cause of action alleged; and
>
> **Consumer Fraud Multi-State Class**: All persons in the States of West Virginia, Montana, New Mexico, Alabama, North Dakota, Nebraska, Iowa, Mississippi, Alaska, and South Carolina who purchased the Product during the statutes of limitations for each cause of action alleged.

42. Common questions of issues, law, and fact predominate and include whether Defendant's representations and omissions were and are misleading and if Plaintiff and class members are entitled to damages.

43. Plaintiff's claims and basis for relief are typical to other members because all were subjected to the same unfair, misleading, and deceptive representations, omissions, and actions.

44. Plaintiff is an adequate representative because her interests do not conflict with other

members.

45. No individual inquiry is necessary since the focus is only on Defendant's practices and the class is definable and ascertainable.

46. Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

47. Plaintiff's counsel is competent and experienced in complex class action litigation and intends to protect class members' interests adequately and fairly.

New York General Business Law ("GBL) §§ 349 and 350

48. Plaintiff incorporates by reference all preceding paragraphs.

49. Plaintiff purchased the Product because she expected it was similar to the regular Southern Comfort, in that it contained whiskey and/or distilled spirits and was aged in oak barrels.

50. Plaintiff would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

Violation of State Consumer Fraud Acts
(Consumer Fraud Multi-State Class)

51. The Consumer Fraud Acts of the States in the Consumer Fraud Multi-State Class are similar to the consumer protection statute invoked by Plaintiff and prohibit the use of unfair or deceptive business practices in the conduct of commerce.

52. The members of the Consumer Fraud Multi-State Class reserve their rights to assert their consumer protection claims under the Consumer Fraud Acts of the States they represent and/or the consumer protection statute invoked by Plaintiff.

53. Defendant intended that members of the Consumer Fraud Multi-State Class would rely upon its deceptive conduct, which they did, suffering damages.

Breaches of Express Warranty,
Implied Warranty of Merchantability/Fitness for a Particular Purpose
and Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*

54. The Product was manufactured, identified, marketed, and sold by Defendant and expressly and impliedly warranted to Plaintiff that it was similar to the regular Southern Comfort, in that it contained whiskey and/or distilled spirits and was aged in oak barrels.

55. Defendant directly marketed the Product to Plaintiff through its advertisements and marketing, through various forms of media, on the packaging, in print circulars, direct mail, product descriptions, and targeted digital advertising.

56. Defendant knew the product attributes that potential customers like Plaintiff were seeking, the qualities of the regular Southern Comfort, containing whiskey and/or distilled spirits and aged in oak barrels, and developed its marketing and labeling to directly meet their needs and desires.

57. The representations about the Product were conveyed in writing and promised they would be defect-free, and Plaintiff understood this meant it was similar to the regular Southern Comfort, in that it contained whiskey and/or distilled spirits and was aged in oak barrels.

58. Defendant's representations affirmed and promised the Product was similar to the regular Southern Comfort, in that it contained whiskey and/or distilled spirits and was aged in oak barrels.

59. Defendant described the Product so Plaintiff believed it was similar to the regular Southern Comfort, in that it contained whiskey and/or distilled spirits and was aged in oak barrels, which became part of the basis of the bargain that they would conform to their affirmations and promises.

60. Defendant had a duty to disclose and/or provide non-deceptive promises,

descriptions and marketing of the Product.

61. This duty is based on Defendant's outsized role in the market for whiskey liqueur, as custodian of the Southern Comfort brand.

62. Plaintiff recently became aware of Defendant's breach of the Product's warranties.

63. Plaintiff provided or provides notice to Defendant, its agents, representatives, retailers, and its employees that it breached the Product's warranties.

64. Defendant received notice and should have been aware of these issues due to complaints by consumers and third-parties, including regulators, employees, and/or competitors, to its main offices and through online forums.

65. The Product did not conform to its affirmations of fact and promises due to Defendant's actions, because it was not similar to the regular Southern Comfort, because it did not contain whiskey and/or distilled spirits nor was aged in oak barrels.

66. The Product was not merchantable because it was not fit to pass in the trade as advertised, not fit for the ordinary purpose for which it was intended and did not conform to the promises or affirmations of fact made on the packaging, container, or label, because it was marketed as if it was similar to the regular Southern Comfort, in that it contained whiskey and/or distilled spirits and was aged in oak barrels,

67. The Product was not merchantable because Defendant had reason to know the particular purpose for which it was bought by Plaintiff, because she expected it was similar to the regular Southern Comfort, in that it contained whiskey and/or distilled spirits and was aged in oak barrels, and she relied on its skill and judgment to select or furnish such suitable products.

Fraud

68. Defendant misrepresented and/or omitted the attributes and qualities of the Product,

which was marketed as if it was similar to the regular Southern Comfort, in that it contained whiskey and/or distilled spirits and was aged in oak barrels,

69. The records Defendant is required to maintain, and/or the information inconspicuously disclosed to consumers, provided it with actual and constructive knowledge of the falsity or deception, through statement and omission, of the representations.

<u>Unjust Enrichment</u>

70. Defendant obtained benefits and monies because the Products was not as represented and expected, because it was dissimilar to the regular Southern Comfort, in that it did not contain whiskey and/or distilled spirits nor was aged in oak barrels, to the detriment and impoverishment of Plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits.

<u>Jury Demand and Prayer for Relief</u>

Plaintiff demands a jury trial on all issues.

   **WHEREFORE**, Plaintiff prays for judgment:

1. Certifying Plaintiff as representative and the undersigned as counsel for the classes;
2. Awarding monetary, statutory and/or punitive damages and interest;
3. Awarding costs and expenses, including reasonable attorney and expert fees; and
4. Other and further relief as the Court deems just and proper.

Dated: February 8, 2023

      Respectfully submitted,

      /s/ Spencer Sheehan
      Sheehan & Associates, P.C.
      60 Cuttermill Rd Ste 412
      Great Neck NY 11021
      (516) 268-7080
      spencer@spencersheehan.com