UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTINA DEL ROSARIO, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>SAZERAC COMPANY, INC.,<br><br>        Defendant. | Case No.: 1:23-cv-01060-PGG<br><br>**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS** |

Federal regulations *require* that labels on malt beverages – including the Southern Comfort malt beverage at issue in this litigation – include a "statement of composition" using very specific, defined language. *See* 27 C.F.R. § 7.147. Those regulations *require* that the statement of composition disclose flavoring materials added to the malt beverage. *See* 27 C.F.R. § 7.147(b)(2). When two or more flavoring materials are added, the regulations specify that each flavoring material be specifically identified or, alternatively that "the characterizing flavoring material may be specifically identified and the remaining flavoring materials may be generally referenced (such as 'kiwi with other natural and artificial flavor(s)')." *See* 27 C.F.R. § 7.147(b)(2)(ii).

In adherence to the regulations, defendant Sazerac Company, Inc. ("Sazerac") includes a statement of composition on labels of Southern Comfort malt beverage stating that it is a "Malt Beverage with Natural Whiskey Flavors, Caramel Color and Oak Extract." Amended Complaint ¶ 16.

In her Amended Complaint, Plaintiff Christina Del Rosario seeks to hold Sazerac liable under New York law for including the federally mandated statement of composition on labels of Southern Comfort malt beverage. For example, at paragraph 18 of the Amended Complaint,

Plaintiff Del Rosario alleges that the use of the word "whiskey" in the statement of composition is actionable under New York law because it allegedly "misleads consumers to expect its alcohol content to be mainly from that spirit." Amended Complaint ¶ 18. At paragraph 22 of the Amended Complaint, Plaintiff Del Rosario alleges that including "Oak Extract" in the statement of composition is actionable under New York law because it allegedly "creates the false impression that malt beverage base was aged in barrels when it was not." Amended Complaint ¶ 22. At paragraph 23, Plaintiff Del Rosario alleges that including "Natural Whiskey Flavors" in the statement of composition is actionable under New York law because it allegedly "supports a purchaser's belief that it is a distilled spirit or contains a non-negligible amount of a distilled spirit. Amended Complaint ¶ 23. 27 C.F.R. § 7.147 preempts all of these claims because it would be impossible to comply both with the regulation and with state law as characterized by Plaintiff Del Rosario.

The Amended Complaint also includes a claim for unjust enrichment. Amended Complaint ¶¶ 82 – 89. Because the unjust enrichment claim is merely duplicative of the Amended Complaint's claims under New York General Business Law §§ 349 and 350, it, too, must be dismissed.

## ARGUMENT

### I. PLAINTIFF'S CLAIMS ARISING FROM THE STATEMENT OF COMPOSITION ARE PREEMPTED.

The Constitution's Supremacy Clause provides that the laws of the United States are "the supreme Law of the Land . . . any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." U.S. Const. art. VI cl. 2. Pursuant to the Supremacy Clause, federal law preempts state law under the doctrine of "conflict preemption "either because 'compliance with both federal and state regulations is a physical impossibility' or because the state law stands 'as

an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.'" *Cal. Federal Sav. & Loan Ass'n v. Guerra*, 479 U.S. 272, 281 (1987) (internal citations omitted).  "Impossibility" exists when "state law penalizes what federal law requires." *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 725 F.3d 65, 97 (2d Cir. 2013) (quoting *Geier v. American Honda Motor Co.*, 529 U.S. 861, 873 (2000)).  Conflict preemption arises when state law conflicts with federal regulations as well as statutes. *See Wyeth v. Levine*, 555 U.S. 555, 576 (2009) ("an agency regulation with the force of law can pre-empt conflicting state requirements"); *Lanier v. BATS Exch., Inc.*, 838 F.3d 139, 151 (2d Cir. 2016) ("Conflict preemption arises when a state law conflicts with a federal statute or a regulation promulgated by a federal agency acting within the scope of its congressionally delegated authority.").

  The regulations set forth in 27 C.F.R. Part 7 have been promulgated by various federal agencies over time pursuant to authority delegated to them by Congress in 27 U.S.C. § 205(e). *See* 83 Fed. Reg. 60562, 60564 (2018).  These regulations include 27 C.F.R. § 7.147.  Imposing liability on Sazerac under New York law for including a statement of composition on the label of Southern Comfort malt beverage *as required by federal regulations* and for specifying added flavoring materials *as required by federal regulations* would create an impermissible conflict:  in order to avoid liability under Plaintiff's interpretation of state law, Sazerac would have to violate federal law by ignoring the requirements of 27 C.F.R. § 7.147.  The Amended Complaint's attempt to hold Sazerac liable for comporting with federal law is therefore preempted, as it would "penalize[] what federal law requires." *Geier*, 529 U.S. at 873.

  In a letter brief to the Court dated August 10, 2023, counsel for Plaintiff Del Rosario asserted that 27 C.F.R. § 7.147 did not preempt any claims because the regulation did not specifically address "whiskey" flavoring.  That argument is unavailing.  Section 7.147 requires

identification of *any* flavoring material; it is immaterial that "whiskey flavors" are not included among the examples provided in the regulation. It makes no difference, despite Plaintiff Del Rosario's attempts to muddy the waters, that regulations define "distilled spirits" as including whiskey. To say that a product includes "whiskey flavors" does not imply that the product is whiskey any more than saying that a beverage includes "fruit flavors" implies that the beverage is a fruit.

In his August 10 letter to the Court, counsel for Plaintiff Del Rosario also points to 27 C.F.R. § 7.128, which provides that malt beverage containers may not contain statements tending to create a false or misleading impression that the malt beverage contains distilled spirits or is a distilled spirit. This provision is of no assistance to Plaintiff. First, nothing in the statement of composition on Southern Comfort Malt Beverage labels states or implies that the beverage is or contains a distilled spirit; to the contrary, it specifically states, in strict accordance with 27 C.F.R. § 7.147, that it is a "Malt Beverage with Natural Whiskey Flavors, Caramel Color and Oak Extract." This makes clear that Southern Comfort Malt Beverage is a malt beverage that contains "whiskey flavors." No reasonable person would understand a "malt beverage" to be "whiskey," nor would any reasonable person understand "whiskey" to require the addition of "whiskey flavors." Moreover, the fact that the regulations specifically require identification of all added flavor material evidences that inclusion of such flavor material in a statement of composition cannot be construed to create a "false or misleading impression" as to the contents of the malt beverage.

Finally, counsel for Plaintiff Del Rosario pointed to 27 C.F.R. § 7.143, which pertains to malt beverages aged in barrels. This provision, however, is wholly inapposite, as Southern Comfort Malt Beverage is not aged in barrels.

Because imposing liability on Sazerac for including on its product label a statement of composition required by federal law would impermissibly "penalize[] what federal law requires," *Geier*, 529 U.S. at 873, the Amended Complaint's claims based on the statement of composition are preempted and must be dismissed.[1]

## II.    THE UNJUST ENRICHMENT CLAIM IS DUPLICATIVE OF PLAINTIFF'S FALSE ADVERTISING CLAIMS AND MUST BE DISMISSED.

It is well established that "an unjust enrichment claim is not available where it simply duplicates, or replaces, a conventional contract or tort claim." *Shane Campbell Gallery, Inc. v. Frieze Events, Inc.*, 441 F. Supp. 3d 1, 6 (S.D.N.Y. 2020) (quoting *Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777, 790, 967 N.E.2d 1177, 944 N.Y.S.2d 732 (2012)); *see also Barton v. Pret A Manger (USA) Ltd.*, 535 F. Supp. 3d 225, 248 (S.D.N.Y. 2021) (same).  It is also well established in this District that claims that a defendant was unjustly enriched through purchases of products allegedly misrepresented on a product label are duplicative of claims under New York General Business Law §§ 349 and 350.  *See, e.g., Barton*, 535 F. Supp. 3d at 249 (collecting cases); *Grossman v. Simply Nourish Pet Food Co. LLC*, 516 F. Supp. 3d 261, 285 (S.D.N.Y. 2021) (dismissing unjust enrichment claim based on the same allegations as claims of violations of GBL §§ 349 and 350).

Plaintiff Del Rosario's unjust enrichment claim is based on the same allegations as her NY GBL §§ 349 and 350 claims.  Count III of the Amended Complaint alleges that "Sazerac's unlawful conduct as described in this Complaint" caused Sazerac to "realize substantial revenues" from selling Southern Comfort Malt Beverage that "was not as Sazerac represented it

---

[1]    Preemption was not at issue in *McKay v. Sazerac Company, Inc.,* No. 23-cv-00522, 2023 U.S. Dist. LEXIS 86621, 2023 WL 3549515 (N.D. Cal. May 17, 2023).  Rather, the issue in *McKay* was whether the TTB's issuance of certificates of label approval provided a "safe harbor" under California law.

5

to be." Amended Complaint ¶¶ 86 – 87. This duplicates precisely the alleged basis for Plaintiff Del Rosario's NY GBL §§ 349 and 350 claims. *See, e.g.*, Amended Complaint ¶ 67 ("As a result of its deceptive acts and practices, Sazerac sold tens if not thousands of the Malt to unsuspecting consumers across New York."), ¶ 68 ("If Sazerac had advertised the Malt truthfully and in a non-misleading fashion, Plaintiff and other Class members would not have purchased them [sic] or would not have paid as much as they did for them."). Because the unjust enrichment claim arises out of identical facts as the NY GBL §§ 349 and 350 claims, it must be dismissed. *See, e.g.*, *Grossman*, 516 F. Supp. 3d at 285; *Barton*, 535 F. Supp. 3d at 249.

Although a handful of opinions from other Districts have concluded that unjust enrichment claims are not duplicative of GBL claims because claims under GBL §§ 349 and 350 require the additional element of establishing that a defendant's acts are directed to consumers, *see, e.g., Acquard v. Big Heart Pet Brands*, No. 19-cv-50, 2020 U.S. Dist. LEXIS 224712, *19 - *20, 2020 WL 12904361, *7 (W.D.N.Y. Nov. 30, 2020), that is not the prevailing view in this District. Judge Karas, in *Cooper v. Anheuser-Busch, LLC*, 553 F. Supp. 3d 83 (S.D.N.Y. 2021), explained the poverty of the focus on elements of the cause of action, rather than on facts and damages:

> [T]his formulaic comparison of elements produces anomalous results: so long as a claim contains an additional element that is "distinct from the elements of unjust enrichment, a plaintiff's claim for unjust enrichment will automatically be deemed nonduplicative. Such an approach is inconsistent with the vast weight of case law, including *Grossman* [*v. Simply Nourish Pet Food Co. LLC*, 516 F. Supp. 3d 261 (S.D.N.Y. 2021)], *Wedra* [*v. Cree, Inc.*, No. 19-cv-3162, 2020 U.S. Dist. LEXIS 49266, 2020 WL 1322887 (S.D.N.Y. Mar. 20, 2020)], *Buonasera* [*v. Honest Co.*, 208 F. Supp. 3d 555 (S.D.N.Y. 2016)], *Mahoney* [*v. Endo Health Solutions, Inc.*, No. 15-CV-9841, 2016 U.S. Dist. LEXIS 94732, 2016 WL 3951185 (S.D.N.Y. July 20, 2016)], and *Koenig* [*v. Boulder Brands, Inc.*, 995 F. Supp. 2d 274 (S.D.N.Y. 2014)] all cited above. It is also inconsistent with the rule, articulated by the Second Circuit in *NetJets* [*Aviation, Inc. v. LHC Communs., LLC*, 537 F.3d 168 (2d Cir. 2008)] that "[t]wo claims are duplicative of one another if they 'arise from the same facts and do not allege distinct

6

damages.'" *NetJets Aviation*, 537 F.3d at 175 (citation and ellipsis omitted). Notably, this rule focuses on facts and damages, but says nothing about a comparison of elements.

*Cooper*, 553 F. Supp. 3d at 117.

Because the unjust enrichment claim is based on the same facts and damages as the NY GBL claims, it is duplicative of those claims and must be dismissed. *See, e.g., Barton*, 535 F. Supp. 3d at 249.

## CONCLUSION

For the reasons set forth above, the claims in the Amended Complaint based on Southern Comfort Malt Beverage's statement of composition, as well as the unjust enrichment claim, should be dismissed with prejudice.

Date:  August 25, 2023                     Respectfully submitted,


*/s/ Creighton R. Magid*
Creighton R. Magid (admitted *Pro Hac Vice*)
DORSEY & WHITNEY LLP
1401 New York Avenue, N.W. Suite 900
Washington, D.C.  20005
Telephone:  (202) 442-3555
Fax:  (202) 442-3199
Email:  magid.chip@dorsey.com

Elizabeth Rozon Baksh
DORSEY & WHITNEY LLP
51 West 52nd Street
New York, NY 10019
Telephone: (212) 415-9200
Facsimile:  (646) 607-8476
baksh.elizabeth@dorsey.com

*Attorneys For Defendant Sazerac Company, Inc.*