UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTINA DEL ROSARIO, *individually and on behalf of all others similarly situated*,

                      Plaintiff,

-against-

SAZERAC COMPANY, INC.,

                      Defendant.

23-cv-1060 (AS)

MEMORANDUM OPINION
AND ORDER

ARUN SUBRAMANIAN, United States District Judge:

## BACKGROUND

This case centers on an alleged liquor look-alike. Defendant Sazerac sells a malt version of its famous Southern Comfort whiskey. Am. Compl. ¶ 10, Dkt. No. 20. Plaintiff alleges that Sazerac designed this malt version to look just like the original one, misleading consumers in violation of New York laws on deceptive practices and false advertising. ¶¶ 13, 24, 60–81. Plaintiff also brings a claim for unjust enrichment. ¶¶ 82–89.

Although the malt version of Southern Comfort is sold in a miniature bottle, Plaintiff identifies various ways in which the malt version resembles the original. For example, Plaintiff says that the malt version uses the same name, colors, themes, fonts, symbols, and spacing as the original one. ¶¶ 14, 15. The malt version also includes the word "Original" on its front label. ¶ 46.

As relevant here, Plaintiff also takes issue with the malt version's "statement of composition." The statement reads "Malt Beverage with Natural Whiskey Flavors, Caramel Color and Oak Extract." ¶ 16. Plaintiff says the phrase "Natural Whiskey Flavor" misleads consumers into thinking that the beverage contains a non-negligible amount of whiskey. ¶¶ 18, 23. And Plaintiff complains that the phrase "Oak Extract" "creates the false impression" that the beverage was "aged in barrels." ¶ 22.

Sazerac now moves to dismiss Plaintiff's claims to the extent that they are based upon these two phrases, arguing that federal regulation required their use. Def. Br. 2–5, 7, Dkt. No. 39-1. Sazerac also moves to dismiss Plaintiff's unjust-enrichment claim. *Id.* at 5–7.

## LEGAL STANDARDS

On a motion to dismiss, all well-pleaded factual allegations are accepted as true, and all reasonable inferences are drawn in the plaintiff's favor. *Cornelio v. Connecticut*, 32 F.4th 160, 168 (2d Cir. 2022). A complaint will survive a motion to dismiss if it alleges facts that "establish plausible grounds to sustain a plaintiff's claim for relief." *Id.*

## DISCUSSION

Sazerac says Plaintiff's statutory claims relating to the malt beverage's statement of composition should be dismissed because they are preempted by federal law. Def. Br. 2–5, 7, Dkt. No. 39-1. Sazerac also says that Plaintiff's unjust-enrichment claim must be dismissed. *Id.* at 5-7. Sazerac is wrong on the first argument but right on the second. So its motion to dismiss is DENIED IN PART and GRANTED IN PART.

**1. Sazerac fails to show that Plaintiff's claims are preempted by federal regulation.**

Sazerac argues that Plaintiff's claims based on the malt beverage's statement of composition must be dismissed as preempted by federal regulation because it is "impossible" to comply with both federal and state law. Def. Br. 2, 7, Dkt. No. 39-1. Though preemption is an affirmative defense, it "can still support a motion to dismiss if the statute's barrier to suit is evident from the face of the complaint." *Melendez v. Sirius XM Radio, Inc.*, 50 F.4th 294, 300 (2d Cir. 2022) (citation omitted). Here, it is not.

Preemption bars a state-law claim when "compliance with both federal and state regulations is a physical impossibility." *Cal. Fed. Sav. & Loan Ass'n v. Guerra*, 479 U.S. 272, 281 (1987) (citation omitted). And "an agency regulation with the force of law can pre-empt conflicting state requirements." *Wyeth v. Levine*, 555 U.S. 555, 576 (2009). But as always, "preemption is not to be lightly presumed." *Guerra*, 479 U.S. at 281. "In all pre-emption cases … we start with the assumption that the historic police powers of the States were not to be superseded by the Federal Act unless that was the clear and manifest purpose of Congress." *Wyeth*, 555 U.S. at 565 (citation omitted). The party asserting preemption bears the burden of establishing it. *In re Methyl Tertiary Butyl Ether (MTBE) Prod. Liab. Litig.*, 725 F.3d 65, 96 (2d Cir. 2013). And the burden of establishing impossibility preemption is "heavy." *Id.* at 101. Defendant "must show that federal and state laws directly conflict." *Id.* at 99 (internal quotation marks and citation omitted). "If there was *any* available alternative for complying with both federal and state law … there is no impossibility preemption." *Id.* (emphasis in original).

Sazerac says it was required by 27 C.F.R. § 7.147 to put the phrase "Natural Whiskey Flavors" on the malt beverage's bottle, so that phrase cannot be the basis for a claim under New York law. Def. Reply Br. 2–4, Dkt. No. 40. Section 7.147 requires malt-beverage labels to include a statement of composition identifying added coloring materials, artificial sweeteners, and "flavoring material(s) used before, during, and after fermentation." Sazerac says that "whiskey flavor" is a "flavoring material" that must be identified in the malt beverage's statement of composition. Def. Br. 4, Dkt. No. 39-1; Def. Reply Br. 2–5, Dkt. No. 40. But Sazerac fails to meet the "heavy" burden of showing, at the pleading stage, that § 7.147 required use of that phrase. *In re MTBE Prod. Liab. Litig.*, 725 F.3d at 101.

First, it is not "evident from the face of the complaint" that "whiskey flavors" is a flavoring material used in the malt beverage. *Melendez*, 50 F.4th at 300. The complaint alleges the "belie[f]" that "whiskey" was added to the malt beverage prior to fermentation. Am. Compl. ¶ 20, Dkt. No.

2

20. It says nothing of any added "whiskey flavor." For its part, Sazerac says that there is "no whiskey" in the malt beverage and that "whiskey flavor" (whatever that is) was used instead. Def. Reply Br. 4, Dkt. No. 40. Because it is unclear what was even used in the malt beverage, it is not "evident," at this stage, that § 7.147 required the term that Plaintiff says is deceptive.

Furthermore, even if the malt beverage used "whiskey flavor," Sazerac fails to explain how § 7.147 can be read to require the phrase "Natural Whiskey Flavors." Section 7.147 gives producers two options: flavoring materials can be "specifically identified (such as 'Ale fermented with grapefruit juice') *or generally referenced* (such as 'Ale with natural flavor')." § 7.147(b)(2)(ii) (emphasis added). Sazerac does not explain why it could not use the phrase "Malt Beverage with Natural Flavors" (or some other general reference) instead of "Malt Beverage with Natural Whiskey Flavors." And impossibility preemption does not apply if there is "*any* available alternative for complying with both federal and state law." *In re MTBE Prod. Liab. Litig.*, 725 F.3d at 99.[1]

Sazerac also appears to take issue with Plaintiff's claim based on the use of the term "Oak Extract" in the statement of composition. *See* Def. Br. 2, Dkt. No. 39-1. But Sazerac fails to explain how federal regulations can be read to require this phrase. Sazerac simply includes "Oak Extract" in the list of claims allegedly preempted by § 7.147. *Id.* Assuming that Sazerac thinks this phrase was also required as an added flavoring material, this argument fails for the reason given above: Sazerac does not explain why it could not have "generally reference[d]" the flavoring material rather than listing it out specifically. § 7.147.

So Sazerac's motion to dismiss Plaintiff's claims as they relate to the statement of composition is denied.

### 2. Plaintiff's unjust-enrichment claim is dismissed.

In addition to her claims for deceptive practices and false advertising, Plaintiff also has a claim for unjust enrichment. Am. Compl. ¶¶ 82–89, Dkt. No. 20. Sazerac argues that this claim must be dismissed as duplicative of Plaintiff's other claims. Def. Br. 5, Dkt. No. 39-1. This Court

---

[1] To be clear, § 7.147 might empower Sazerac to use the phrase "Natural Whiskey Flavors" to comply with federal labeling requirements. But that does not necessarily preempt states from imposing liability for the use of that same phrase. In *Williamson v. Mazda Motor of Am., Inc*., 562 U.S. 323, 326 (2011), the Supreme Court held that a state tort suit could go forward even though, if successful, it would deny car manufacturers a choice that was expressly granted by federal regulation. There, a federal law required car manufacturers to install seatbelts but gave them a choice in whether to use lap belts or lap-and-shoulder belts. *Id.* The state tort suit, if successful, would deny car manufacturers the option of installing lap belts. *Id.* Nonetheless, the Supreme Court allowed the suit to proceed, explaining that providing the option of using lap belts was "not a significant objective of the federal regulation." *Id.* Here, Sazerac does not argue that providing the option of specifically identifying the flavoring material was a "significant objective" of § 7.147.

holds that Plaintiff has failed to state a valid cause of action for unjust enrichment and thus agrees that dismissal is warranted.

In *Corsello v. Verizon N.Y., Inc.*, 967 N.E.2d 1177, 1185 (N.Y. 2012), plaintiffs sued Verizon for attaching equipment to their apartment building without compensation. Plaintiffs brought various causes of action, including inverse condemnation, trespass, and unjust enrichment. *Id.* at 1180. But the New York Court of Appeals dismissed plaintiffs' unjust-enrichment claim. *Id.* at 1185. The Court explained that "unjust enrichment is not a catchall cause of action to be used when others fail." *Id.* Rather, "to the extent that [plaintiffs' other] claims succeed, the unjust enrichment claim is duplicative; if plaintiffs' other claims are defective, an unjust enrichment claim cannot remedy the defects." *Id.*

So too here. If Plaintiff has valid claims under the New York statutes forbidding deceptive practices and false advertising, her unjust-enrichment claim is duplicative. And Plaintiff fails to explain how, if she fails on those claims, she could nonetheless succeed on her unjust-enrichment claim. For example, Plaintiff's deceptive-practices claim requires showing that Sazerac deceived or misled her in a material way and that she was injured as a result. *Gaidon v. Guardian Life Ins. Co. of Am.*, 725 N.E.2d 598, 604 (N.Y. 1999). Meanwhile, a claim for unjust enrichment requires Plaintiff to show that (1) Sazerac was enriched (2) at her expense, and (3) it is "against equity and good conscience" to permit Sazerac to keep the money she gave it. *Georgia Malone & Co. v. Rieder*, 973 N.E.2d 743, 746 (N.Y. 2012) (internal quotation marks and citation omitted). But Plaintiff's only theory for why Sazerac's enrichment is unjust is that Sazerac obtained that payment through deceptive practices (or false advertising). Plaintiff does not establish how she could fail to prove those claims and yet still show that Sazerac's retention of her money is unjust. The complaint alleges no facts suggesting some other basis for injustice.

Plaintiff argues that her unjust-enrichment claim is not duplicative of her statutory claims because the "measure of recover[y]" under the statutes is different than that for unjust enrichment. Pl. Br. 13, Dkt. No. 41. But an unjust-enrichment claim simply "does not lie" where "plaintiffs have an adequate remedy at law." *Samiento v. World Yacht Inc.*, 883 N.E.2d 990, 996 (N.Y. 2008); *see Corsello*, 967 N.E.2d at 790 (explaining that unjust enrichment is "available only" when "defendant has not breached a contract nor committed a recognized tort").

Plaintiff argues that even if her unjust-enrichment claim is duplicative, she can nonetheless state it in the alternative, citing *Axon v. Florida's Natural Growers, Inc.*, 813 F. App'x 701 (2d Cir. 2020). There, the Second Circuit acknowledged (albeit in dicta) that a "plaintiff may plead unjust enrichment in the alternative to a breach of warranty claim." *Id.* at 706. But in that case, there was "doubt as to the existence of the warranty." *Id.* And if there was no warranty, there would be no warranty claim for plaintiff's unjust-enrichment claim to duplicate. Here, by contrast, there is no doubt that a remedy at law exists; the only issue is whether Plaintiff can prove the required elements.

Finally, Plaintiff argues that she should be allowed to proceed with her unjust-enrichment claim so long as she does not attempt to recover on both that claim and her statutory claims. Pl. Br. 12, Dkt. No. 41. This Court acknowledges that some courts have taken that approach. *See, e.g.*, *Mason v. Reed's Inc.*, 515 F. Supp. 3d 135, 147 (S.D.N.Y. 2021); *Scholder v. Sioux Honey Ass'n Coop.*, 2022 WL 125742, at *6 (E.D.N.Y. Jan. 13, 2022). But *Corsello* is clear, and Plaintiff has not identified any set of facts under which she could fail to prove both her deceptive-practices and false-advertising claims, but still succeed in proving unjust enrichment. *See, e.g.*, *Cooper v. Anheuser-Busch, LLC*, 553 F. Supp. 3d 83, 115–17 (S.D.N.Y. 2021) (dismissing unjust-enrichment claim under similar circumstances); *Grossman v. Simply Nourish Pet Food Co. LLC*, 516 F. Supp. 3d 261, 285 (E.D.N.Y. 2021) (same). Thus, Plaintiff's unjust-enrichment claim must be dismissed for failure to state a claim upon which relief can be granted.

## CONCLUSION

Sazerac fails to show that Plaintiff's statutory claims are preempted by federal law. But Sazerac is correct that Plaintiff's unjust-enrichment claim cannot proceed. So Sazerac's motion to dismiss is DENIED IN PART and GRANTED IN PART.

The Clerk of Court is directed to terminate ECF No. 39.

SO ORDERED.

Dated: September 28, 2023
New York, New York

ARUN SUBRAMANIAN
United States District Judge