UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTINA DEL ROSARIO, *individually and on behalf of all others similarly situated*,<br><br>        Plaintiffs,<br><br>    -against-<br><br>SAZERAC COMPANY, INC.,<br><br>        Defendant. | 23-CV-01060 (AS)<br><br>ORDER |

ARUN SUBRAMANIAN, United States District Judge:

  Plaintiff's motion for an extension of time to join parties is granted.

  "[T]he Court's scheduling order shall not be modified except upon a showing of good cause." *Holmes v. Grubman*, 568 F.3d 329, 334–35 (2d Cir. 2009) (citations omitted). In evaluating good cause, "the primary consideration is whether the moving party can demonstrate diligence." *Kassner v. 2nd Ave. Delicatessen, Inc.*, 496 F.3d 229, 224 (2d Cir. 2007). That standard is met here. Plaintiff's counsel moved for joinder within a week of learning that plaintiff was suffering health issues that precluded her from proceeding with this case. The Court has no reason to doubt the legitimacy of those issues, nor will the Court hold plaintiff's counsel responsible for failing to foresee them. *Cf. Soroof Trading Dev. Co. v. GE Microgen, Inc.*, 283 F.R.D. 142, 149 (S.D.N.Y. 2012) (finding good cause met where plaintiff "did not know and could not reasonably have known" certain information).

  The Court also finds that the Rule 15 factors are met here. There is no evidence of undue delay or bad faith; as explained above, the reason for the requested amendment is plaintiff's health. *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 2020 WL 3256871, at *2 (S.D.N.Y. June 16, 2020), *aff'd*, 336 F.R.D. 400 (S.D.N.Y. 2020) (outlining Rule 15 factors). Nor is there any repeated failure to cure a deficiency or allegation of futility. *Id.* Finally, there is no undue prejudice. As reflected in the limited changes to the proposed amended complaint, the proposed plaintiffs are asserting the same right to relief based on the same facts and legal theories. There is no reason to think that swapping them in would require any significant changes to defendants' deposition preparation, discovery needs, or strategy. "Substitution of unnamed class members for named plaintiffs who fall out of the case is … a common and normally an unexceptional … feature of class action litigation … in the federal courts." *Klein on behalf of Qlik Techs., Inc. v. Qlik Techs., Inc.*, 906 F.3d 215, 222 (2d Cir. 2018) (internal quotation marks and citation omitted).

      For these reasons, plaintiff is granted leave to file the proposed amended complaint and should do so by February 5, 2024.

SO ORDERED.

Dated: February 2, 2024
       New York, New York

_____
ARUN SUBRAMANIAN
United States District Judge