# REESE LLP

<u>Via CM/ECF</u>     March 15, 2024

Hon. Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007

*Application granted. The Clerk of Court is directed to terminate the motion at Dkt. 67.*

*SO ORDERED.*

*Arun Subramanian, U.S.D.J.*
*Date: March 18, 2024*

Re:   *Andrews et al. v. Sazerac Company, Inc.*, No. 1:23-cv-01060

Dear Judge Subramanian,

As set forth below, Plaintiffs Andrews and Kahn ("Plaintiffs") respectfully request that certain Exhibits ancillary to her forthcoming Motion for Class Certification be filed under seal.

Pursuant to Your Honor's Individual Rules of Practice 11(C)(ii), Plaintiffs request they be allowed to redact the highlighted portions of, and file under seal, portions of Plaintiffs' Motion for Class Certification as well as exhibits attached to the Declaration of Charles Moore in support thereof, designated "Confidential."

All of these documents incorporate by reference documents or things produced Circana, Inc. ("Circana") or by Defendant Sazerac Company, Inc. ("Sazerac") and designated as "Confidential." Under the terms of the Protective Order, by so designating that material, Circana and Sazerac have represented that such material has been designated Confidential, and consists of:

"(a) previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins); (b) previously nondisclosed material relating to ownership or control of any non-public company; (c) previously nondisclosed business plans, product development information, or marketing plans; (d) any information of a personal or intimate nature regarding any individual; or (e) any other category of information hereinafter given confidential status by the Court"

Case No. 1:23-cv-01060-AS, ECF No. 48, ¶ 2.

Attached hereto as Exhibit A is Circana's letter detailing their position on their documents.

Under the terms of the protective order entered by this Court, "[a]ll Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal and kept under seal until further order of the Court. *Id.* at ¶ 6.

100 South 5th Street    •    Suite 1900    •    Minneapolis, Minnesota 55402

www.reesellp.com    •    Telephone: (212) 643-0500    •    Facsimile: (212) 253-4272

Letter Request to File Documents Under Seal
March 6, 2024
Page | 2

      For the same reasons that the Court entered the protective order, good cause exists to permit Plaintiffs to file these documents under seal. In ruling on a motion to seal, the Court must balance the competing interests at stake, which include the public's interest in access to judicial documents, and the privacy interest of the party resisting disclosure. *Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110, 119-20 (2d Cir. 2006).

      For these reasons, Plaintiffs respectfully request that the Court permit her to file the above-referenced documents under seal.

Respectfully submitted,

*/s/ Charles D. Moore*
Charles D. Moore
**REESE LLP**

cc:    All counsel of record, via CM/ECF

# EXHIBIT A

**Torshen, Slobig & Axel, Ltd.**
Attorneys at Law
33 North Dearborn Street
Suite 1710
Chicago, Illinois 60602

Telephone 312-372-9282
rslobig@torshen.com

March 14, 2024

Charles D. Moore
Reese LLP
100 South 5th Street, Ste 1900
Minneapolis, MN 55402
cmoore@reesellp.com

                Re:    Christina del Rosario v Sazerac Company Inc.,
                       No. 23-cv-1060 (S.D.N.Y.)
                       <u>Confidentiality of Circana Data</u>

Dear Mr. Moore:

      We represent Circana, LLC, a national and international market research firm, in the business of collecting, analyzing and marketing specialized data, particularly respecting retail and consumer markets. Circana's principal source of operating revenues is the fees it generates from the licensing of its data collections to customers, most of whom are businesses in the manufacturing and retailing of consumer products.

      Circana offers a broad range of products and services aimed at helping retailers and manufacturers improve their efficiency, serve their customers better and improve their profitability. These manufacturers and retailers use Circana's services to gauge product performance, distribution, promotion effectiveness, and price sensitivity. Circana utilizes the data to offer strategic recommendations on planning, space allocation, inventory levels, positioning, pricing and promotional activity. Circana's methods, formulae and databases are confidential and proprietary, and the company observes careful and exacting protocols to maintain the confidentiality of its data collections and methodologies.

      Circana makes substantial investments in order to obtain raw data from thousands of cooperating retailers and other sources. Then, at considerable expense, Circana cleanses, compiles and analyzes these data and projects reports and analyses for its clients. These reports are Circana's commercial product and stock-in-trade.

Charles D. Moore
March 14, 2024
Page Two

      In September 2023, Circana was served with a Subpoena in a Civil Case calling for the production of documents showing the retail sales volume and prices for the products at issue in the case.  The Subpoena was objectionable, but Circana offered Plaintiff's counsel a proposal to retrieve and project certain data pertaining to sales of malt beverages, and to deliver a custom report to Plaintiff's counsel as a paying customer.  Plaintiff's counsel agreed, and Circana delivered a report for which it charged Plaintiff's counsel $5000.00.  Plaintiff's counsel further agreed to maintain the Circana report as confidential and, when producing the report to the parties in the litigation, to invoke the protective order in the case so that the parties would maintain the Circana data as confidential.

      Circana routinely requires of its clients that they maintain Circana's data and reports licensed to them in confidence.  Circana's agreement with Plaintiff's counsel permitted the use of the Circana data in the case, and included Plaintiff's counsel's agreement not to publish or otherwise disclose the Circana Data without Circana's express prior written consent.  Circana specifically reserved its right to resell the same data in any form to third parties.  If the parties to the litigation were allowed to publish Circana's confidential report and data, Circana would be irreparably harmed, both in the taking of its intellectual property without compensation and in the loss of the revenues Circana would normally receive for the production of the data on request to its paying clients.  The same data reported to Plaintiff's counsel are available from Circana to other paying clients.  If the Circana data and analyses are not protected against public disclosure and instead become part of the public domain, Circana's potential loss would be the amount Plaintiff's counsel agreed to pay multiplied by an indefinite number of lost sales opportunities.

      A less restrictive alternative than sealing any court filing containing the Circana data would not be sufficient, because the parties to the case need to establish the data in the record and to make it available to the court, in order to argue the conclusions the respective parties contend should be drawn from the data.

      Because Circana's data and reports are "proprietary information," we think the parties should be entitled to redact such information from their public filings in the case, without the need for prior permission from the Court, under Paragraph 11(A) of the Individual Practices in Civil Cases of the Hon. Arun Subramanian, United States District Judge.  To the extent that court permission is deemed necessary for the filing of Circana's data or analyses under seal, we respectfully provide this letter pursuant to Paragraph 11(C) (I) of Judge Subramanian's guidelines, explaining the need to do so.

Sincerely,

Robert J. Slobig

RJS/