

**CREIGHTON R. MAGID**
Partner
(202) 442-3555
magid.chip@dorsey.com

May 29, 2024

**BY ECF**
The Honorable Arun Subramanian
United States District Court
for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

    Re:    *Andrews, et al. v. Sazerac Company, Inc.*, No. 23-cv-1060-AS

Dear Judge Subramanian:

    We are counsel to Defendant Sazerac Company, Inc. ("Sazerac") in the above-referenced matter. Per the Court's Individual Rule 11, Sazerac submits this letter requesting the Court's permission to seal certain materials that contain proprietary, commercially sensitive, or trade secret information (the "Documents") being filed by Sazerac with its opposition to Plaintiffs' motion for class certification [Dkt. 71]. Additionally, Sazerac seeks to redact discrete sections of the memorandum of law opposing Plaintiffs' motion for class certification that quote from or refer to the Documents.

    The Documents consist of: (a) Exhibit A to the Declaration of Adam Wilkins, which contains commercially sensitive confidential communications that reveal Sazerac's marketing and branding strategies; (b) Exhibits A and B to the Declaration of Corey Beilstein, which contain market research reports obtained by Sazerac from third parties on a confidential basis; and (c) Exhibit A to the Declaration of Lindsay Helo, which contains the contents of certain consumer inquiries. Disclosing these confidential and sensitive Documents would cause serious competitive harm to Sazerac. The Documents also include Exhibit C to the Declaration of Creighton R. Magid, the confidential expert report of David Reibstein. This expert report includes many quotations from confidential deposition testimony and citations and references to the other documents that are the subject of this request.

    To begin, Exhibit A to the Wilkins Declaration, Exhibit A to the Beilstein Declaration, Exhibit A to the Helo Declaration, and Exhibit C to the Magid Declaration all were designated as "Confidential" by Sazerac before their production to Plaintiffs. This sealing request follows the terms of the Protective Order so-ordered by the Court on October 19, 2023 [Dkt. 49], which provides that: "All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal and kept under seal until further order of the Court." The Court sealed another version of the communications in Exhibit A to the Wilkins Declaration, which were attached as Exhibit 12 to Plaintiffs' motion for class certification [Dkt. 73].

    Furthermore, the Documents constitute the type of confidential business information that is appropriate to seal because disclosure of their contents could cause Sazerac competitive harm.



The Honorable Arun Subramanian
May 29, 2024
Page 2

It is well established that "[c]onfidential 'business information that might harm a litigant's competitive standing' may warrant protection from disclosure." *Coventry Capital US LLC v. EEA Life Settlements, Inc.*, 2017 U.S. Dist. LEXIS 182474, at *5-6 (S.D.N.Y. Nov. 2, 2017) (citing *Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 598 (1978)); *Gelb v. Am. Tel. & Tel. Co.*, 813 F. Supp. 1022, 1035 (S.D.N.Y. 1993) (noting that "defendants' assertion that its competitors . . . could use [the information] to do competitive injury to the defendants is, on the facts of this case, a sufficient basis" for sealing); *Tropical Sails Corp. v. Yext, Inc.*, No. 14-cv-7582, 2016 LEXIS 49029, at *9 (S.D.N.Y. Apr. 12, 2016) (marketing and business development documents properly sealed); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (permitting redaction of documents disclosing advertising expenditures and plans, merchandising strategies, policies, and sales information).

      Finally, as it pertains to Exhibits A and B to the Beilstein Declaration, little weight should be accorded to the presumption of access because they pertain to market research about consumer behavior in the alcoholic beverage space, Beilstein Dec. ¶ 3, not to the allegedly deceptive packaging of Southern Comfort-brand malt beverage products, which is at issue in this case.  *See, e.g.*, *Volino v. Progressive Cas. Ins. Co.*, 2023 U.S. Dist. LEXIS 128719, at *9 (S.D.N.Y. July 20, 2023) (according little weight to the presumption of public access where the materials did not directly pertain to the contract dispute at the core of the case).  Also, other factors weigh against public access, including that the confidential information in these Documents is proprietary to the third parties who provided it to Sazerac.  *See id.* (sealing proprietary information from third-party).

      Sazerac thanks the Court for its time and attention to this matter.

Respectfully Submitted,

Creighton R. Magid

Cc:  All Counsel of Record (by ECF)

The motion to seal is granted temporarily. The Court will assess whether to keep the materials at issue sealed or redacted when deciding the underlying motions.

The Clerk of Court is directed to restrict viewing access of ECF No. 77 to the Court and the parties, and to terminate the motion at ECF No. 76.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: August 30, 2024