# REESE LLP

December 1, 2025

**Via CM/ECF**

Hon. Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007
T: (212) 805-0238

Re:     *Andrews v. Sazerac Company, Inc.*, No. 1:23-cv-01060

Dear Judge Subramanian,

This office, with co-counsel, represents Steven Khan ("Plaintiff") and the Certified Class of Southern Comforter Malt Purchasers in New York.

This letter is submitted in connection with a discovery dispute with Sazerac Company Inc. ("Defendant"), regarding its submissions of evidentiary material with its pending Motion for Summary Judgment.

*Compliance With Individual Rules.* On December 1, 2025, at 3:00 pm E.T., a Lead Trial Counsel conference occurred. At that time, the undersigned, Charles Moore for Mr. Khan, and Chip Magid, for Sazerac, Lead Trial Counsel for the parties, conferred in good faith by Zoom, in an attempt to resolve this dispute, pursuant to Your Honor's Individual Rules 5(B)-(C). The duration of the conference was thirty-two minutes. During the conference, I informed Defendant's Counsel that I believed the parties to be at an impasse. I informed Defendant's Counsel that Plaintiff would be requesting a conference with the Court.

*Nature of Dispute.* In connection with its Motion for Summary Judgment, Sazerac submitted declarations from Adam Wilkins (ECF No. 113-2), Danny Suich (ECF No. 113-3), Jessica Figueroa (ECF No. 113-6), James Restivo (ECF No. 113-9), and Natalie Cianci (ECF No. 119-2). For multiple reasons, these submissions, and where applicable, accompanying exhibits, should be excluded.[1]

With respect to the Wilkins and Suich Declarations, these witnesses were disclosed to Plaintiff on March 7, 2024, in Sazerac's Supplemental Initial Disclosures, just 8 days before the deadlines to complete fact discovery and for Plaintiff to file her Motion for Class Certification. These untimely disclosures require their exclusion. *See* Fed. R. Civ. P. 37(c). Plaintiff and the class would be prejudiced by the introduction of these declarations, because we lacked a meaningful opportunity to question them. *See Freeman v. Giuliani*, 2025 WL 81370, at *8 (S.D.N.Y. Jan. 13, 2025) (citing *Pal v. N.Y.U.*, 2008 WL 2627614, at *5 (S.D.N.Y. June 30, 2008) ("finding prejudice

---

[1] ECF 113-2, 113-3, 113-6, 113-9, 119-2, 119-6, 119-7, and 119-8.

100 South 5th Street    •    Suite 1900    •    Minneapolis, Minnesota 55402

www.reesellp.com    •    Telephone: (212) 643-0500    •    Facsimile: (212) 253-4272

Letter for Leave to File Motion in Limine
December 1, 2025
Page | 2

sufficient to warrant preclusion of witnesses disclosed on the last day of discovery period where otherwise discovery would have to be reopened on the eve of a pretrial conference").

The Figueroa and Restivo Declarations warrant exclusion for multiple reasons. First, both are outside experts, with Market Track LLC ("Numerator") and Nielsen Consumer LLC ("Nielsen"), respectively. Figueroa and Restivo are not testifying based on their personal observations but on "knowledge, skill, experience, training, or education," and as such constitute experts. *See* Fed. R. Evid. 701 and 702; *see also* Fed. R. Civ. P. 56(c)(4)("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge…"). However, "[Sazerac] fail[ed] to…identify [Figueroa and Restivo] as required by Rule 26(a) or (e)" at all, much less by the deadline set for expert disclosures. *See* Order, ECF No. 57 (setting May 29, 2024 as "[d]eadline for Defendant to serve expert reports"). As such, their exclusion is warranted. Fed. R. Civ. P. 37(c)(1).

Second, neither Figueroa nor Restivo's submissions meet the expert requirement of the Federal Rules, and should be excluded under *Daubert*, and Fed. R. Evid. 702. As just a cursory example, neither identified a list of their publications in the previous 10 years, cases testified in during the last 4 years, or provided a statement of compensation for the study. *See* Fed. R. Civ. P. 26(a)(2)(B)(iv)-(vi). Nor did they provide a detailed explanation of the methods used in creating their studies. *See* Fed. R. Evid. 702(c) and (d). For example, Mr. Restivo simply states, "The data provided on page 7 of the 2024 report is derived from proprietary consumer surveys fielded by or on behalf of NIQ, the responses to which are recorded at or near the time of the survey." *See* Restivo Decl. ¶ 4. In so doing, he has expressly declined to explain the method used, such that the Court could determine whether "the testimony is the product of reliable principles and methods" and whether "the expert's opinion reflects a reliable application of the principles and methods to the facts of the case." *See* Fed. R. Evid. 702(c) and (d). In fact, Mr. Restivo did not even provide the full report, but only page 7 of the report. *See* Fed. R. Evid. 1002 (requiring production of the original writing rather than testimony about what it said); Fed. R. Civ. P. 26(a)(2)(B)(ii) (requiring production of the facts and data) and (iii) any exhibits that will be used to summarize or support [the opinion]).

Third, the *Softel* factors weigh against allowing Figueroa and Restivo to testify in support of Sazerac's Motion for Summary Judgment. *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006), quoting *Softel Inc. v. Dragon Medical & Scientific Communications Inc.*, 118 F.3d 955, 961 (2d Cir. 1997) (reciting criteria).

The first *Softel* factor is not met, because Sazerac provides "[no] explanation for the failure to comply with the [disclosure requirement]" of Rule 26. *Patterson*, 440 F.3d at 117. The Restivo study was produced in April 2024, at least a month before Defendant's deadline for expert disclosures. *Compare* Restivo Decl. ¶ 3 *with* Order, ECF No. 57. Figueroa is even more concerning, as one study was conducted a month *after* the expert disclosure deadline, and the other study *an entire year*. *See* Figueroa Decl. ¶¶ 5-6. Defendant's disregard of these deadlines is without any justification or explanation.

The second factor, "the importance of the testimony of [Figueroa and Restivo]" to Sazerac's summary judgment motion is limited, because it makes similar arguments in its Motions to Exclude the Ingersoll and Matthews Declarations. *Patterson*, 440 F.3d at 117; *see,* ECF 117, 118.

Letter for Leave to File Motion in Limine
December 1, 2025
Page | 3

The third *Softel* factor, the "prejudice suffered by [Plaintiff and the Class] as a result of having to prepare to meet the new testimony," is significant. *Patterson*, 440 F.3d at 117. Plaintiff cannot adequately contest the findings of Figueroa and Restivo because their untimely submission prevents Class Counsel from deposing them, and their limited reports provide insufficient information to determine their reliability.

Finally, though the fourth *Softel* factor requires consideration of "whether a continuance would mitigate the possibility of prejudice…[this] is unwarranted." *Lidle v. Cirrus Design Corp.*, No. 08-cv-1253, 2009 WL 4907201, at *7 (S.D.N.Y. 2009) (excluding expert report, because "failure to include the data set forth in [untimely] report in [] opening report [wa]s indefensible."). While "no trial date has been set, given the [previous] extensions of the discovery deadlines, any further delay in this case would be unreasonable in the absence of any explanation by [Sazerac] for their failure to comply with [Rule 26]," and is detrimental to the right of members of the proposed class. *Canales v. U.S.*, No. 19-cv-834, 2021 WL 1588809, at *5 (E.D.N.Y. 2021) (applying *Softel*, and rejecting possibility of continuance, where an expert's "'supplemental' report asserts an entirely new theory of causation that was not disclosed").

Finally, exhibits D-F to the Cianci Declaration were never produced in discovery, despite being the subject of properly served interrogatories and discovery requests. ECF 119-6, through 119-8. Nor was Ms. Cianci ever disclosed as a witness. Fed. R. Civ. P. 37(c).

Plaintiff respectfully requests leave to file a motion in limine to exclude this evidence.

Respectfully submitted,

*/s/ Charles D. Moore*
Charles D. Moore
**REESE LLP**

cc:    All counsel of record, via CM/ECF

GRANTED. Plaintiff may file a motion to exclude the evidentiary material from consideration on summary judgment. For avoidance of doubt, the Court expresses no opinion yet on whether the material is to be excluded, and will rule on the motion in due course.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 123.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: December 2, 2025