

GRANTED. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 112.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: December 11, 2025

**CREIGHTON R. MAGID**
**(202) 442-3555**
**FAX (202) 442-3199**
**magid.chip@dorsey.com**

November 14, 2025

**BY ECF**
The Hon. Arun Subramanian
United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

  **Re:** ***WILBERT ANDREWS and STEVEN KAHN v. SAZERAC COMPANY, INC.,***
     **Case No. 1:23-cv-01060**

Dear Judge Subramanian:

We are counsel to Defendant Sazerac Company, Inc. ("Sazerac") in the above-referenced matter.  Per the Court's Individual Rule 11, Sazerac submits this letter requesting the Court's permission to seal certain materials that contain proprietary, commercially sensitive, or trade secret information (the "Documents") being filed by Sazerac in connection with its Motion for Summary Judgment, Motion to Exclude Testimony of Andrea Lynn Matthews, and Motion to Exclude Testimony of Andrea Lynn Matthews.  Additionally, Sazerac seeks to redact discrete sections of the memoranda of law in support of the three motions that quote from or refer to the Documents.

The Documents consist of: (a) Exhibit A to the Declaration of Adam Wilkins, which contains commercially sensitive confidential communications that reveal Sazerac's marketing and branding strategies; (b) the Declaration of Danny Suich, which quotes confidential internal emails; (c) Exhibit A to the Declaration of Lindsay Helo, which contains the contents of certain consumer inquiries; the Declaration of James Restivo and Exhibit A, both of which contain proprietary information of third-party Nielsen Consumer, LLC, which provided the information on condition of strict confidentiality to protect its proprietary findings and business interests; and the Declaration of Jessica Figueroa and Exhibits A and B, both of which contain proprietary information of third-party Market Track, LLC, which provided the information on condition of strict confidentiality to protect its proprietary findings and business interests.  Disclosing these confidential and sensitive Documents would cause serious competitive harm to Sazerac, Nielsen Consumer, LLC, and Market Track, LLC.  The Documents also include Exhibit E to the Declaration of Elizabeth Rozon Baksh, the confidential expert report of David Reibstein.  This expert report includes many quotations from confidential deposition testimony and citations and references to the other documents that are the subject of this request.

To begin, Exhibit A to the Wilkins Declaration, Exhibit A to the Restivo Declaration, Exhibit A to the Helo Declaration, Exhibits A and B to the Figueroa Declaration and Exhibit E to the Baksh Declaration all were designated as "Confidential" by Sazerac before their production to Plaintiffs.  This sealing request follows the terms of the Protective Order so-ordered by the Court on October 19, 2023 [Dkt. 49], which provides that:  "All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal and kept under seal



The Hon. Arun Subramanian
November 14, 2023
Page 2

until further order of the Court."  The Court sealed another version of the communications in Exhibit A to the Wilkins Declaration, which were attached as Exhibit 12 to Plaintiffs' motion for class certification [Dkt. 73].  The Court also previously sealed Exhibit A to the Restivo Declaration, Exhibit A to the Helo Declaration, Exhibits A and B to the Figueroa Declaration and Exhibit E to the Baksh Declaration in connection with Sazerac's opposition to the motion for class certification.

Furthermore, the Documents constitute the type of confidential business information that is appropriate to seal because disclosure of their contents could cause Sazerac competitive harm.

It is well established that "[c]onfidential 'business information that might harm a litigant's competitive standing' may warrant protection from disclosure." *Coventry Capital US LLC v. EEA Life Settlements, Inc.*, 2017 U.S. Dist. LEXIS 182474, at *5-6 (S.D.N.Y. Nov. 2, 2017) (citing *Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 598 (1978)); *Gelb v. Am. Tel. & Tel. Co.*, 813 F. Supp. 1022, 1035 (S.D.N.Y. 1993) (noting that "defendants' assertion that its competitors . . . could use [the information] to do competitive injury to the defendants is, on the facts of this case, a sufficient basis" for sealing); *Tropical Sails Corp. v. Yext, Inc.*, No. 14-cv-7582, 2016 LEXIS 49029, at *9 (S.D.N.Y. Apr. 12, 2016) (marketing and business development documents properly sealed); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (permitting redaction of documents disclosing advertising expenditures and plans, merchandising strategies, policies, and sales information).

The Figueroa Declaration, including Exhibits A and B, and the Restivo Declaration, including Exhibit A, deserve special attention.  The information reflected in these Documents is proprietary survey information provided exclusively to paying clients of Market Track, LLC and Nielsen Consumer, LLC, respectively.  Both entities allowed the Documents to be filed with the Court on the condition that they be filed under seal.  As the Second Circuit noted in *United States v. Amodeo*, 71 F.3d 1044, 1050-1051 (2d Cir. 1995), "'the privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation.'  Such interests, while not always fitting comfortably under the rubric 'privacy,' are a venerable common law exception to the presumption of access." (Internal citations omitted.)

Additionally, as it pertains to the Figueroa Declaration, including Exhibits A and B, and to the Restivo Declaration, including Exhibit A, little weight should be accorded to the presumption of access because they pertain to market research about consumer behavior in the alcoholic beverage space, not to the allegedly deceptive packaging of Southern Comfort-brand malt beverage products, which is at issue in this case.  *See, e.g., Volino v. Progressive Cas. Ins. Co.*, 2023 U.S. Dist. LEXIS 128719, at *9 (S.D.N.Y. July 20, 2023) (according little weight to the presumption of public access where the materials did not directly pertain to the contract dispute at the core of the case).

Finally, because both the Statement of Material Undisputed Facts and the Memoranda of Points and Authorities in support of all three motions quote from and reference the confidential Documents, Sazerac requests that the Court allow the Statement and Memoranda to be filed under seal.  Sazerac will, within 5 days, file with the Court lightly redacted versions of the Statement and Memoranda for public filing.



The Hon. Arun Subramanian
November 14, 2023
Page 3

Sazerac thanks the Court for its time and attention to this matter.

Sazerac respectfully requests that the Court permit it to file the above-referenced documents under seal.

Very truly yours,

Creighton R. Magid

cc:     All Counsel of Record (By ECF)