

CREIGHTON R. MAGID
(202) 442-3555
FAX (202) 442-3199
magid.chip@dorsey.com

January 5, 2026

**BY ECF**

The Hon. Arun Subramanian
United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

>    Re:    ***WILBERT ANDREWS and STEVEN KAHN v. SAZERAC COMPANY, INC.,***
>          **Case No. 1:23-cv-01060**

Dear Judge Subramanian:

We are counsel to Defendant Sazerac Company, Inc. ("Sazerac") in the above-referenced matter.  Per the Court's Individual Rule 11, Sazerac submits this letter requesting the Court's permission to file under Sazerac's Opposition to Plaintiffs' Motion in Limine, Reply in Support of Sazerac's Motion for Summary Judgment, Reply in Support of Sazerac's Motion to Exclude Testimony of Andrea Lynn Matthews, and Reply in Support of Sazerac's Motion to Exclude Testimony of Andrea Lynn Matthews.  These memoranda all reference proprietary survey information provided exclusively to paying clients of Market Track, LLC and Nielsen Consumer, LLC, respectively.  Both entities allowed the Documents to be filed with the Court on the condition that they be filed under seal.  As the Second Circuit noted in *United States v. Amodeo*, 71 F.3d 1044, 1050-1051 (2d Cir. 1995), "'the privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation.'  Such interests, while not always fitting comfortably under the rubric 'privacy,' are a venerable common law exception to the presumption of access." (Internal citations omitted.) Sazerac will file with the Court lightly redacted versions of these memoranda for public filing.

In addition, Sazerac requests the Court's permission to file under seal the Declaration of Lindsay Helo and Exhibit A to Ms. Helo's Declaration.  The Helo Declaration specifies the number of complaints that Sazerac has received regarding its Southern Comfort malt beverage, as well as a complaint rate, which would enable competitors to calculate the number of units of Southern Comfort malt beverage sold.  Such sales information warrants filing under seal.  *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (permitting redaction of documents disclosing sales information); *Coventry Capital US LLC v. EEA Life Settlements, Inc.*, 2017 U.S. Dist. LEXIS 182474, at *5-6 (S.D.N.Y. Nov. 2, 2017) ("Confidential 'business information that might harm a litigant's competitive standing' may warrant protection from disclosure.") (citing *Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 598 (1978)); *Gelb v. Am. Tel. & Tel. Co.*, 813 F. Supp. 1022, 1035 (S.D.N.Y. 1993) ("defendants' assertion that its competitors . . . could use [the information] to do competitive injury to the defendants is, on the facts of this case, a sufficient basis" for sealing).  Exhibit A to the Helo Declaration is a spreadsheet of consumer inquiries made to Sazerac by customers.  This is highly confidential customer information that would cause serious competitive harm to Sazerac if made public. Exhibit A was previously filed under seal in connection with Sazerac's opposition to Plaintiffs' class certification motion.



The Hon. Arun Subramanian
January 5, 2026
Page 2

Sazerac respectfully requests that the Court permit it to file the above-referenced documents under seal.

Very truly yours,

Creighton R. Magid

cc:     All Counsel of Record (By ECF)

GRANTED. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 132.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: January 7, 2026